IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REMODELING TODAY, INC. d/b/a :
DANNY LIPFORD MEDIA,
:
    Plaintiff,
:
vs.                                                            CA 13-0428-KD-C
:
THE TITAN NETWORK, LLC d/b/a
THE TITAN AGENCY, et al.,     :

    Defendants.

## ORDER

In an order entered on October 10, 2013, the Court exercised the wide discretion afforded it regarding matters of discovery to deny defendant Bosch Thermotechnology Corporation's motion to stay Rule 26(f) conference. (Doc. 27.)[1] In the October 10, 2013 order, the undersigned specifically noted that one of the reasons it was rejecting the defendant's due process argument was because "the allowance of jurisdictional discovery is not at all uncommon[.]" (*Id.* at 3, citing *Kilma v. Carnival Corp.*, 2008 WL 4559231, *3 (S.D. Fla. Oct. 10, 2008) ("The discovery must be narrowly tailored to personal jurisdiction issues[.]").) And while the undersigned also parenthetically noted that it was doubtful that Bosch would have to engage in any discovery "prior to a final ruling on the pending motion to dismiss" (*id.* at 4 n.1), this statement was made before the undersigned had an opportunity to substantively review Bosch's motion to dismiss (Doc. 2; *see also* Doc. 3), plaintiff's response in opposition (Doc. 18), and the moving

---

    [1]    The parties filed the Rule 26(f) report on October 29, 2013. (Doc. 28.)

defendant's reply (Doc. 23). Having now reviewed those documents (along with all attachments), the undersigned finds that the allowance of limited jurisdictional discovery is necessary prior to a ruling on the pending motion to dismiss.

Although the plaintiff in this case has not "formally" requested jurisdictional discovery by motion, it would be unfair to characterize its requests for jurisdictional discovery as being "buried . . . in its briefs[,]" *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009), inasmuch as plaintiff's initial request comes on the first two pages of its brief (Doc. 18, at 1-2), with subsequent requests being made later in the brief (*see id.* at 14 & 16).[2] Moreover, "jurisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction[.]" *Bernardele v. Bonorino,* 608 F.Supp.2d 1313, 1321 (S.D. Fla. 2009); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction "may require some limited discovery before a meaningful ruling can be made."); *Gear, Inc. v. L.A. Gear California, Inc.,* 637 F.Supp. 1323, 1328 (S.D. N.Y. 1986) ("[I]t is well-established that district courts have the discretion to grant discovery to explore factual issues presented by the Rule 12(b)(2) motion."). In the undersigned's opinion, and as explained in more detail below, this case presents a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction; therefore, it is necessary for the undersigned to order that limited jurisdictional discovery take place prior to entry of a report and recommendation regarding appropriate disposition of Bosch's motion to

---

[2] In addition, plaintiff has requested jurisdictional discovery in the Rule 26(f) report. (*See* Doc. 28, at 4-5.)

dismiss.

In its complaint and throughout its response in opposition to Bosch's motion to dismiss, plaintiff takes the position that defendant The Titan Agency ("Titan") was Bosch's agent and that Bosch conducted business in the State of Alabama through its agent Titan. (*Compare* Doc. 1, Exhibit A, COMPLAINT, at 1-2, 2 & 3-4 *with* Doc. 18, at 3, 4-5, 13-15 & 17-18 *and* Doc. 18, Exhibit M, Affidavit of Daniel C. Lipford, at ¶ 12 ("Peters signed a contract with DLM on behalf of BTC on March 16, 2012 wherein the Titan Agency represented and warranted that it was authorized to act on behalf of Bosch Geothermal and bind BTC to the contract.").) Bosch, quite naturally, takes a position contrary to that of plaintiff, pointing in large measure to its contract with Titan that expressly provides that Titan is an independent contractor. (*See* Doc. 3, Exhibit 1, at 2; *compare id. with* Doc. 23, at 10-11 (disclaiming an agency relationship between it and Titan).) These polar opposite positions render this Court unable to properly rule on Bosch's pending motion without a modicum of jurisdictional discovery given clear Alabama law that "whether an agency [relationship] exists is determined from the facts, not by how the parties choose to characterize their relationship [by contract, or otherwise]." *Tyson Foods, Inc. v. Stevens,* 783 So.2d 804, 808 (Ala. 2000) (citation omitted); *see also Ragsdale v. Life Ins. Co. of North America,* 632 So.2d 465, 468 (Ala. 1994) ("'If the facts establish the relationship of principal and agent, the intention of the parties is immaterial, and the character of the relationship is not affected by an agreement between the parties that an agency does not exist, or that some other relation does exist.'"). Indeed, "'[w]hether a relationship is an independent contractor relationship or is a master-servant relationship depends on whether the entity for whom the work is

performed has reserved the right to control the means by which the work is done.'" *Tyson Food, Inc., supra,* at 808, quoting *Keebler v. Glenwood Woodyard, Inc.,* 628 So.2d 566, 568 (Ala. 1993).[3] And, of course, proper determination of whether Titan was an independent contractor of Bosch, or its agent, under Alabama law is critical to the issue of personal jurisdiction since the activities of an agent in the forum are attributable—that is, they may be imputed—to the "foreign" principal. *See, e.g., Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1362-1363 (11th Cir. 2006). Since personal jurisdiction over Titan in this matter is not questioned (*see* Doc. 17 (Titan's answer)), a determination that Titan was Bosch's agent would appear to beg the question of whether personal jurisdiction exists as to Bosch. On the flipside, if Titan was at all times an independent contractor, plaintiff's personal jurisdiction arguments would suffer such a severe blow that the undersigned would not expect DLM to continue the instant action against Bosch.

In light of the foregoing, the undersigned extends to plaintiff the opportunity to conduct limited jurisdictional discovery in this action for the next thirty-five (35) days, that is, until **December 4, 2013**.[4] As indicated above, the primary focus of such discovery should be the relationship between Bosch and Titan; however, the

---

[3] "Typically [albeit not always], the existence of an agency relationship is a question of fact for a jury to decide." *Tyson Foods, Inc.,, supra; see also Sharpe v. AMF Bowling Centers, Inc.,* 756 So.2d 874, 876 (Ala. 2000) ("'[T]he existence and scope of an agency relationship are [normally] questions of fact to be determined by the jury.'").

[4] Given the abbreviated period allotted for jurisdictional discovery, plaintiff should serve written discovery on Bosch and Titan not later than **November 8, 2013,** and the defendants should serve their answers to such written discovery not later than **November 18, 2013**. Furthermore, the depositions authorized by the undersigned should be noticed and taken between **November 19, 2013** and **December 3, 2013**.

4

undersigned will not solely tie the limited discovery to this relationship provided the discovery propounded/taken is "tailored to personal jurisdiction issues." *Kilma, supra,* at *3.[5] Jurisdictional discovery is limited in the following manner: (1) plaintiff may serve upon both Bosch and Titan not more than **ten (10)** interrogatories, **ten (10)** requests for admission, and **ten (10)** requests for production; and (2) plaintiff may notice and take the deposition of one representative of Bosch and one representative of Titan anytime between **November 19, 2013** and **December 4, 2013**. Thereafter, DLM and Bosch are to *simultaneously* file their supplemental arguments regarding the personal jurisdiction issue, with attachments, not later than **December 16, 2013**.[6]

**DONE** and **ORDERED** this the 30th day of October, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[5] In other words, plaintiff **SHOULD NOT** serve any written discovery—or ask any deposition question—that touches upon the merits of this case.

[6] The undersigned *will not* enter a comprehensive Rule 16(b) scheduling order in this case until the completion of jurisdictional discovery and the parties have filed their supplemental positions regarding personal jurisdiction.